Braheem POTEAT, Defendant
Below–Appellant,

v.

STATE of Delaware, Plaintiff
Below–Appellee.

No. 238,2003.

Supreme Court of Delaware.

Submitted: Nov. 5, 2003.
Decided: Dec. 19, 2003.

Andrew J. Witherell, Wilmington, Delaware, for Appellant Braheem Poteat.

Loren C. Meyers, Department of Justice, Wilmington, Delaware, for Appellee State of Delaware.

Before HOLLAND, STEELE and JACOBS, Justices.

HOLLAND, Judge.

The defendant-appellant, Braheem Poteat, was found guilty by a Superior Court jury of Trafficking in Cocaine and Resisting Arrest.[1] He was sentenced to a total of 4 years incarceration at Level V, to be suspended after 3 years for probation. This is Poteat's direct appeal. Before the Court for consideration is the appellant's brief filed pursuant to Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto.

---

1. Poteat was found not guilty of Loitering, but was also convicted of Possession of Cocaine, a lesser-included offense of Trafficking in Cocaine. Because the possession conviction merged into the trafficking conviction, Poteat was not separately sentenced for possession. *Williams v. State,* 818 A.2d 906, 910 (Del. 2003).

## Rule 26(c) Brief

Poteat's trial counsel has filed a brief and a motion to withdraw pursuant to Rule 26(c). The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: a) the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal; and b) the Court must conduct its own examination of the record and determine whether the appeal is totally devoid of at least arguably appealable issues that can be decided without an adversary presentation.[2]

## Issues on Appeal

Poteat's counsel asserts that, based upon a careful and complete examination of the record, there are no arguably appealable issues. By letter, Poteat's counsel informed Poteat of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw, the accompanying brief and the complete trial transcript. Poteat was also informed of his right to supplement his attorney's presentation. Poteat responded with a brief that raises three issues for this Court's consideration.[3] The State has responded to the position taken by Poteat's counsel, as well as the issues raised by Poteat, and has moved to affirm the Superior Court's judgment.

Poteat raises three issues for this Court's consideration. He claims: a) the Superior Court abused its discretion by denying his motion for acquittal; b) there was insufficient evidence presented at trial to convict him; and c) he was denied his Sixth Amendment right to a speedy trial.

## Facts

There were a number of delays before Poteat's case went to trial. Poteat's final case review was moved from April 22, 2002 to June 3, 2002 at the request of the defense. On July 12, 2002, trial was scheduled for September 24, 2002. However, trial was continued on that date because defense counsel had identified a conflict of interest. Trial was then rescheduled for January 2, 2003, but did not proceed on that date.[4] On January 31, 2002, the defendant, acting pro se, filed a speedy trial motion. The Superior Court then scheduled the trial for March 20, 2003. The trial was continued at the request of the defense, however, and a new date was set for April 3, 2003. Trial proceeded on that date.

The evidence at trial established that, on July 16, 2001, Officer William Draper of the Wilmington Police Department and his partner, Officer Curtis Velleverde, were on routine patrol in the City of Wilmington when they noticed Poteat and two other men on the corner of 29th and Market Streets. Officer Draper previously had warned Poteat not to loiter in the area and decided to issue him a ticket.

As the officers approached Poteat, he attempted to flag down a passing car, without success. Poteat then placed on the curb a styrofoam cup he was holding. As the officers patted down the men for weapons, one of them sat down on the curb and knocked over the cup.

2. *Penson v. Ohio*, 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

3. While Poteat's counsel identifies a possible claim of ineffective assistance of counsel in this appeal, Poteat states that he does not wish to pursue the claim at this time.

4. The Superior Court docket does not indicate the reason for this.

Several bags of crack cocaine spilled out of the cup. Poteat attempted to flee but was subdued and placed under arrest. Irshad Bajwa, Ph.D., a forensic chemist with the Delaware Medical Examiner's Office, testified that the cocaine seized from Poteat weighed 5.38 grams.

### Evidence Sufficient

■ Poteat's first two claims are grounded in his contention of insufficiency of the evidence. In reviewing such a claim, this Court determines whether, viewing the evidence in the light most favorable to the State, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[5] The evidence at trial regarding the styrofoam cup and its contents clearly established the elements of Trafficking in Cocaine beyond a reasonable doubt.[6] The evidence of Poteat's attempt to flee clearly established the elements of Resisting Arrest beyond a reasonable doubt.[7] Because there was sufficient evidence presented at trial to support Poteat's convictions, there was no legal error or abuse of discretion in the Superior Court's denial of Poteat's motion for judgment of acquittal.

### Speedy Trial Claim

■ Poteat's third claim is that he was denied his Sixth Amendment right to a speedy trial. In order to determine whether a defendant's right to a speedy trial have been violated, this Court looks to four factors: a) the length of the delay; b) the reasons for the delay; c) the defen-

dant's assertion of the right; and d) prejudice to the defendant.[8] We have concluded that claim is without merit.

The record reflects that Poteat was arrested in July 2001, but was not tried until April 2003, resulting in a delay of 20 months between arrest and trial. Most of this delay, however, was caused by continuances requested by the defense. Moreover, the circumstances surrounding Poteat's assertion of the right undermine his claim of a speedy trial violation. Although he asserted his right to a speedy trial on January 31, 2003, resulting in a new trial date of March 20, 2003, trial on that date was continued at the request of the defense.

Poteat's assertion that he was prejudiced by the delay because of the death of a witness is unavailing. While it appears that a witness, who would have testified that Poteat was not loitering, died prior to the trial, there is no evidence that the testimony of this witness would have altered the outcome of the trial. Finally, the record reflects that, during much of the time Poteat asserts he was incarcerated awaiting trial in this case, he was actually incarcerated on other charges.

### Conclusion

This Court has reviewed the record carefully and has concluded that Poteat's appeal is wholly without merit and devoid of any arguably appealable issue. We are also satisfied that Poteat's counsel has made a conscientious effort to examine the record and has properly determined that

---

5. *Barnett v. State*, 691 A.2d 614, 618 (Del. 1997).

6. Del.Code Ann. tit. 16, § 4753A(a)(2) a. ("Any person who ... is knowingly in actual or constructive possession of 5 grams or more of cocaine ... is guilty of ... 'trafficking in cocaine.'").

7. Del.Code Ann. tit. 11, § 1257 ("A person is guilty of resisting arrest when the person ... intentionally flees from a peace officer who is effecting an arrest.").

8. *Middlebrook v. State*, 802 A.2d 268 (Del. 2002); *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

Poteat could not raise a meritorious claim in this appeal. Therefore, we affirm the judgment of the Superior Court.