IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WARREN SMALL, | § | |
| | § | |
| Defendant Below, | § | No. 655, 2013 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID No. 1209020733 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 17, 2014
Decided: January 5, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

## **O R D E R**

This 5th day of January 2015, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1) On June 21, 2013, after a four day trial, a Superior Court jury found the appellant, Warren Small, guilty of Possession of a Firearm by a Person Prohibited ("PFBPP"). Small was sentenced to eight years of Level V incarceration, with credit for 221 days previously served, suspended after five years for decreasing levels of supervision. This is Small's direct appeal.

(2) Small requested, and was permitted, to represent himself *pro se* at trial. On appeal, Small requested appointment of appellate counsel ("Counsel"). The Court granted Small's motion for appointment of counsel on April 3, 2014.

(3) On June 4, 2014, Counsel filed an opening brief. Counsel argued that the Superior Court failed to conduct a colloquy with Small to determine whether Small knowingly, voluntarily, and intelligently waived his right to counsel. After investigation by the State, a transcript of the Superior Court's colloquy with Small was obtained and Counsel withdrew the opening brief.

(4) On October 28, 2014, Counsel filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)"). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Counsel informed Small of the provisions of Rule 26(c) and provided Small with a copy of the motion to withdraw and the accompanying brief.

(5) Counsel also informed Small of his right to identify any points he wished this Court to consider on appeal. Small did not respond to Counsel with any points within thirty days as required by Supreme Court Rule 26(c)(iii). Instead, on October 31, 2014, Small filed a 155 page document with the Court titled "Document to be Added to 26c Brief." The State has responded to the issues raised by Small and moved to affirm the Superior Court's judgment.

2

(6) When reviewing a motion to withdraw and an accompanying brief, this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(7) The following evidence was presented at trial. Small's brother, Theodore Small, was under investigation for drug dealing in the summer of 2012. Theodore Small resided at 27 Bedford Drive in Edgemoor Gardens. New Castle County Police twice observed a confidential informant purchase heroin from Theodore Small at 27 Bedford Drive.

(8) The police obtained a search warrant for 27 Bedford Drive. Small was incorrectly listed as one of the owners of the house based on a New Castle County property search (Small had the same name as his father, who owned the house along with Small's mother), but 27 Bedford Drive was also listed as Small's address in a May 2012 police report. The search warrant was executed on September 28, 2012. Theodore Small was detained outside of the house.

(9) The police saw Small approaching 27 Bedford Drive and detained him. After Small was handcuffed and advised of his rights under *Miranda v.*

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

*Arizona*,[2] he was asked if there was anything illegal in the house. Small stated that there was a handgun he was holding for a friend in a safe located in a hallway closet on the first floor.

(10) Small provided the police with keys that opened the safe. The police found a gun and two small safe boxes inside the hallway safe. One of the smaller safe boxes contained money and a Department of Correction identification card with Small's picture. The police also found multiple bags of heroin in the house. No usable fingerprints were retrieved from the gun. DNA testing was performed on the gun, but Small and his brother could not be excluded or included as contributers of DNA found on the gun.

(11) The parties stipulated that Small was a person prohibited from possessing a firearm. The jury found Small guilty of PFBPP. The Superior Court denied Small's untimely post trial motions for judgment of acquittal/new trial and a *Franks*[3] hearing. Small was sentenced to eight years of Level V incarceration, suspended after five years for decreasing levels of supervision. This appeal followed.

---

[2] 384 U.S. 436 (1966).

[3] *Franks v. Delaware*, 438 U.S. 154, 171-72 (1978) (requiring hearing when defendant makes substantial preliminary showing that false statement knowingly or with reckless disregard for truth was included by affiant in warrant affidavit and false statement was necessary to finding of probable cause).

(12) The arguments made by Small in his October 31, 2014 submission may be summarized as follows: (i) his counsel was ineffective; (ii) his statement to the police and other evidence should have been excluded; (iii) certain evidence was tampered with, not collected, or not given to Small; and (iv) he was selectively prosecuted. This summary does not include all of the items raised in a document Small filed on November 17, 2014. In his November 17, 2014 submission, Small asked the Court to consider, among other things, problems he was having with the Department of Correction, a 156 page document he filed on June 17, 2014, and a 49 page document he filed on September 19, 2014. The November 17, 2014 submission was filed more than two weeks after the October 30, 2014 deadline for the opening brief and Small's October 31, 2014 submission and reflects Small's attempt to incorporate by reference arguments that he did not make in his October 31, 2014 submission.[4] We will not address the issues that Smith failed to argue in his October 31, 2014 submission.

(13) Small first argues that his counsel was ineffective for failing, before Small elected to proceed *pro se*, to file a motion suppress his statement to the police and evidence obtained from the search warrant for 27 Bedford Drive, the arrest warrant for Small, and the search warrant for Small's DNA. "This Court has

---

[4] *Cf.* Supr. Ct. R. 14(b) (requiring opening brief to include merits of arguments); *Ploof v. State*, 75 A.3d 811, 823 (Del. 2013) (holding appellant could not incorporate arguments by referring to Superior Court briefs in appendix).

consistently held it will not consider a claim of ineffective assistance on direct appeal if that issue has not been decided on the merits in the trial court."[5] During discussions about whether Small wished to accept a plea offer, Small's counsel briefly explained to the Superior Court why he had not filed a motion to suppress. The Superior Court did not address or decide whether Small's counsel was ineffective. Accordingly, we will not consider Small's claim of ineffective assistance of counsel.

(14) Small next argues that his statement to the police regarding the gun he was holding for a friend should have been excluded because he was under the influence of drugs, his mother was threatened with arrest, and he did not knowingly, intelligently, and voluntarily waive his *Miranda* rights. He also attacks evidence obtained from the search warrant for 27 Bedford Drive, the warrant for his arrest, and the search warrant for his DNA.[6] Small's counsel did not file any motions to suppress within twenty days of the First Case Review on March 25, 2013 as required by the case scheduling order. On the first day of trial, June 18, 2013, Small asked if he could proceed *pro se* and file motions. Small filed a motion for a suppression hearing and a motion for a *Franks* hearing that day. The

---

[5] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).

[6] On the second day of trial, Small raised issues relating to the warrants again and then withdrew his objection to the DNA evidence.

Superior Court informed Small that the time for filing motions was over and it was a trial day, not a suppression day.

(15) Absent exceptional circumstances, the Superior Court is not required to consider an untimely motion to suppress.[7] In his motion for a suppression hearing, Small claimed that the attorney who represented him at the preliminary hearing felt there was a reason for a suppression hearing, but this attorney subsequently passed away. The record reflects that Small had new counsel by at least January 2013. New counsel could have filed a timely motion to suppress, but did not do so. Small has not shown that exceptional circumstances prevented the timely filing of a motion to suppress. Thus, the Superior Court did not abuse its discretion by refusing to consider Small's untimely efforts at trial to suppress his statement to the police and evidence obtained as a result of the warrants.[8]

(16) Smith next claims that certain evidence was tampered with, not collected, or not provided to him. Small did not request relief from the Superior Court as to these issues during trial so we review for plain error.[9] "Under the plain

---

[7] *Carney v. State*, 2007 WL 2254543, at *2 (Del. Aug. 7, 2007); *Barnett v. State*, 691 A.2d 614, 616 (Del. 1997), *abrogated on other grounds by Lecates v. State*, 987 A.2d 413 (Del. 2009).

[8] *E.g.*, *Carney v. State*, 2007 WL 2254543, at *2 (concluding Superior Court did not abuse its discretion when it did not allow defendant to file untimely motion to suppress); *Pennewell v. State*, 2003 WL 2008197, at *1 (Del. Apr. 29, 2003) (holding Superior Court did not abuse its discretion in denying untimely motion to suppress evidence seized from defendant and statements made by him).

[9] Supr. Ct. R. 8.

error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[10] There is no plain error here.

(17) First, Small claims the identification card with his photograph was tampered with because it was removed from its plastic cover and switched with another card. The record reflects that Small's identification card was photographed and the photograph was redacted to remove a reference to the Department of Correction to address the Superior Court's concerns of prejudice to Small. Small does not explain how removal of the identification card from the plastic cover prejudiced him and does not offer any support for his claim that the identification card was switched with another card. Small does not claim that the police found someone else's identification card in the safe and then switched it with Small's identification card. We conclude this claim is without merit.

(18) Second, Small complains that the keys to the safe, Suboxone (a prescription drug) found in the safe, and heroin his brother sold to the confidential informant were not collected by the police. The State has a duty to collect and preserve evidence that may be material to the defense.[11] Small does not explain how any of these items were material to his defense to the charge of PFBPP. Small

---

[10] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

[11] *Deberry v. State*, 457 A.2d 744, 752 (Del. 1983).

was actually able to use the absence of the keys to his benefit, by arguing during his closing argument that there was no evidence that the keys ever existed. Accordingly, these claims are without merit.

(19) Third, Small complains that he was denied access to serial numbers on currency. Small does not specify what currency he is referring to (currency found in the house, currency found in the safe, currency found with people at the house, or other currency) and does not explain how such serial numbers would have any relevance to his defense to the charge of PFBPP. We conclude that this claim is without merit.

(20) Finally, Small claims that he was the subject of selective prosecution. The State "has broad discretion as to whom to prosecute."[12] To establish a claim of selective prosecution, the defendant must show that: (i) the policy to prosecute or enforce the law had a discriminatory effect; and (ii) was motivated by a discriminatory purpose.[13]

(21) Small's selective prosecution claim appears to be based on his contention that his mother and another woman at 27 Bedford Drive were not arrested and that his brother was not prosecuted. As to the women at 27 Bedford

---

[12] *Albury v. State*, 551 A.2d 53, 61 (Del. 1988).

[13] *Drummond v. State*, 2006 WL 2842732, at *2 (citing *United States v. Armstrong*, 517 U.S. 456, 465 (1996)).

Drive, there is no indication in the record that they were prohibited from owning a firearm like Small and his brother. As to Small's brother, he was indicted, along with Small, for PFBPP. The record does not reflect what happened to that charge. Small has not established a claim for selective prosecution.

(22) This Court has reviewed the record carefully and has concluded that Small's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Small's counsel has made a conscientious effort to examine the record and the law and has properly determined that Small could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ Karen L. Valihura
Justice

10