# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAVID RICKETT, | § | |
| | § | No. 440, 2014 |
| Defendant Below- | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for Kent County |
| | § | |
| STATE OF DELAWARE, | § | No. 1306009372 |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: February 18, 2015
Decided: March 20, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## ORDER

On this 20th day of March 2015, it appears to the Court that:

(1) Defendant-below/Appellant David Rickett appeals from a Superior Court order finding him guilty of Exploiting the Resources of an Infirm Adult ("ERIA") in an amount in excess of $5,000.[1] Rickett raises one claim on appeal. He contends that the trial court erred in finding him guilty because the State failed to prove beyond a reasonable doubt that he knowingly exploited an infirm adult's financial resources.

---

[1] 31 *Del. C.* § 3913(b) (2010). In August 2011, the language of Section 3913 was amended by striking the phrase "infirm adult" and substituting in lieu therefor the phrase "adult who is impaired." *See* 2011 Delaware Laws Ch. 179 (H.B. 214). Because Rickett's alleged violations of Section 3913 began before the 2011 Amendment, the parties and trial court proceeded under the former language of the statute.

(2) Rickett is a fifty-eight year old man who is unemployed and receives a monthly social security payment of approximately $625. Mary Bell is a ninety year old woman who receives a monthly federal pension payment of $1,166.86 and a monthly social security payment of $692. Rickett acted as Bell's primary care provider, and both considered their relationship akin to that of a mother and son. Bell's pension and social security payments were deposited into a Meta Bank account controlled by Rickett, and he was responsible for paying all of Bell's expenses.

(3) In 2012, Rickett and Bell moved into the home of Juanita Parker, a friend of Rickett's. Shortly thereafter, Elleanora McMillan, who rented a room from Parker, expressed concerns regarding Bell's care. One night after an altercation with Rickett, McMillan called 911 and Rickett left the residence with Bell. Following McMillan's call to the police, Delaware's Adult Protective Services conducted an investigation, which resulted in Rickett being indicted for one count of felony ERIA.

(4) The Superior Court held a one-day bench trial. At trial, McMillan testified that Bell suffered from incontinence, smelled of urine, and lacked undergarments and adequate personal hygiene items. McMillan further testified that Rickett was using Bell's funds for gambling. Lester Johnson, a Delaware Attorney General Investigator who had investigated Rickett's care of Bell, testified that from July 2011 through August 2013, Rickett had used Bell's money to gamble at two Delaware casinos.

2

(5) In rendering its decision, the Superior Court determined that Bell was an infirm adult because she could not perform essential services for herself, such as maintaining food, clothing, shelter, medical care, or hygiene. The trial court noted Bell's age, the fact that she used a walker, and the testimony regarding her "state of deficient personal care."[2] The trial court also found that Rickett had knowingly exploited Bell's resources to his own advantage. Specifically, the trial court found that: (1) Bell never provided Rickett with authority to use her resources for his benefit; (2) Bell's income, at least in part, was not used for her benefit; and (3) Rickett's social security check alone could not support his lifestyle, which included excessive gambling. Based on these findings, the trial court concluded that Rickett had used Bell's income each month over more than a twenty month period for his own benefit in an amount in excess of $5,000. Thus, the Superior Court found Rickett guilty of ERIA. This appeal followed.

(6) "When reviewing a challenge to the sufficiency of the evidence the applicable standard is whether considering the evidence in the light most favorable to the prosecution, including all reasonable inferences to be drawn therefrom, any rational trier of fact could have found the essential elements of the crime beyond a

---

[2] Appellee's Ans. Br. App. at B2.

3

reasonable doubt."[3] "We draw no distinction between circumstantial and direct evidence when considering the quantum necessary to support a conviction."[4]

(7) Under 31 *Del. C.* § 3913(b), one is guilty of ERIA if he or she knowingly or recklessly exploits the resources of an infirm adult.[5] "If the value of the resources is $5,000 or more but less than $10,000, the person shall be guilty of a class E felony."[6] An infirm adult is defined as "any person 18 years of age or over who, because of physical or mental disability, is substantially impaired in the ability to provide adequately for the person's own care and custody."[7] A physical or mental disability "shall include any physical or mental disability and shall include, but not be limited to, mental retardation, brain damage, physical degeneration, deterioration, senility, disease, habitual drunkenness or addiction to drugs, and mental or physical infirmity."[8] A person is substantially impaired in the ability to provide adequately for the person's own care and custody when he or she "is unable to perform or obtain for himself or herself essential services."[9]

---

[3] *Forrest v. State*, 721 A.2d 1271, 1279 (Del. 1999) (citing *Barnett v. State*, 691 A.2d 614, 618 (Del. 1997)).
[4] *Id.* (citing *Williams v. State*, 539 A.2d 164, 167-68 (Del. 1988)).
[5] 31 *Del. C.* § 3913(b) (2010).
[6] 31 *Del. C.* § 3913(b) (2010).
[7] 31 *Del. C.* § 3902(2) (2010).
[8] 31 *Del. C.* § 3902(19) (2010).
[9] 31 *Del. C.* § 3902(22) (2010).

(8) Rickett contends that the State failed to prove beyond a reasonable doubt that: (1) Bell was an infirm adult; (2) Rickett was using Bell's income; and (3) the exploited amount was over $5,000.

(9) We find no merit to Rickett's claim. The evidence presented shows that Bell relied entirely on Rickett to pay her expenses, provide her food, buy her clothing, and find her housing when needed. Based on this evidence, a reasonable trier of fact could conclude beyond a reasonable doubt that, because of mental and physical infirmity, Bell was unable to adequately provide for her own care by performing or obtaining for herself essential services.

(10) As to his second and third contentions, the record supports the trial court's finding that Rickett exploited over $5,000 of Bell's resources. The evidence presented at trial makes clear that Bell's expenses were no more than $1,600 per month, leaving her with an additional monthly income of approximately $260. The evidence offered by the State also sufficiently establishes that Rickett's monthly expenses exceeded his own monthly income. When considering this evidence in the light most favorable to the State, a trier of fact could reasonably infer that Rickett used approximately $5,200—$260 multiplied by the relevant time period, which exceeded twenty months—of Bell's income for his own benefit. Accordingly, the trial court did not err when it found Rickett guilty of exploiting the financial

5

resources of Bell beyond a reasonable doubt.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is **AFFIRMED**.

BY THE COURT:

Justice

6