# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,       :

                   :       Kent County

       v.               :

                   :

DAYMIEN J. ROBERT       :

I.D. No. 1611009554        :

AVERY MAXWELL           :

I.D. No. 1611009571        :

TERRANCE STOKES          :

I.D. No.  1702003570       :

                   :

       Defendants.        :

Heard: January 16, 2018
Decided: January 18, 2018

## ORDER

Upon the State's Motion to Sever.
*Granted.*

Stephen E. Smith, Esquire of the Department of Justice, Dover, Delaware; attorney for the State.

Thomas D. Donovan, Esquire of the Office of Conflict Counsel, Dover, Delaware; attorney for Defendant Daymien J. Robert.

Andre M. Beauregard, Esquire of Brown Shiels & Beauregard, Dover, Delaware; attorney for Defendant Avery Maxwell.

Kevin P. Tray, Esquire of the Law Office of Kevin P. Tray, Wilmington, Delaware; attorney for Defendant Terrance Stokes.

WITHAM, R.J.

Before the Court is the State's Motion to Sever the trials of co-defendants Daymien Robert, Terrance Stokes, and Avery Maxwell. The Defendants are charged with Home Invasion. Robbery Second Degree, Wearing a Disguise During the Commission of a Felony, Theft of a Motor Vehicle, and Conspiracy Second Degree. The Defendants oppose the State's motion on the grounds of untimeliness, speedy trial rights, and judicial economy. This constitutes the Court's decision.

## FACTS

1. On June 5, 2017, the Defendants were indicted together and charged with Home Invasion, as well as other related offenses arising from a single event. Namely, it is alleged that the Defendants operated in concert to break into the victim's home, remove items therefrom, and depart with the victim's vehicle.

2. On December 14, 2017, Defendant Robert confessed, in a recorded interview, to the crimes indicated in the indictment. His confession implicated Defendants Maxwell and Stokes.

3. On January 3, 2018, the State filed a Motion to Sever requesting that the Court sever the three Defendants' joint trial into three separate trials.

4. On January 11, 2018, Defendant Stokes filed his response in opposition to the State's motion. Defendants Maxwell and Robert agree that severance should not be granted for the reasons stated in Defendant Stokes' response.

## THE PARTIES ARGUMENTS

*The State.*

5. First, the State contends that severance is necessary, pursuant to *Bruton v. United States*, because Defendant Robert's confession would be prejudicial to his co-defendants.

6. Second, the State contends that severance is necessary because Defendant

Robert's confession significantly changes the value of Defendant Maxwell's statements incident to arrest, wherein Defendant Maxwell admitted to being near the scene of the crime. Thus, the State contends that there would be a risk that a jury might improperly attribute Defendant Maxwell's admission against Defendant Stokes.

*The Defendants.*

7. First, all Defendants contend that the State's Motion to Sever is untimely.

8. Second, Defendant Stokes contends that he would be prejudiced by severance because his trial would likely be unnecessarily delayed by the severance. As Defendant Stokes is held on bail in New Castle County, he objects to any further continuance.

9. Third, all Defendants contend that, for the sake of judicial economy, severance is inappropriate.

10. Fourth, all Defendants join in Defendant Stokes' objection to a severance.

## LEGAL STANDARD

11. Under Superior Court Criminal Rule 8(b), two or more defendants may be charged in the same indictment if they are alleged to have participated in the same act or in the same series of acts. If, however, the trial court finds that a joinder of defendants for trial will prejudice any of the parties, it may sever the charges.[1]

12. A motion for severance is addressed to the sound discretion of the trial court. Ordinarily, defendants indicted jointly should be tried together; but, if justice requires it, the trial court should grant separate trials.[2] What constitutes abuse of

---

[1] Super. Ct. Crim. R. 14.

[2] *Jenkins v. State*, 230 A.2d 262, 272 (Del. 1967).

3

discretion depends on the facts and circumstances of each case.[3] As a general rule, it may be said that discretion has been abused by denial of severance when there is a reasonable probability that because of the co-defendant's extra judicial statement, substantial injustice and denial of a fair trial may result from a joint trial.[4]

## DISCUSSION

*The motion is untimely.*

13. Pursuant to the scheduling order issued in this matter, pre-trial motions - not relating to discovery or to suppress - must have been filed not later than twenty (20) days before the final case review. The Superior Court has broad discretion to enforce its rules of procedure and pretrial orders.[5] When a party fails to file a motion in a timely manner, exceptional circumstances must exist to permit the late filing.[6] Exceptional circumstances will not be found when a party's attorney possesses "all the relevant information necessary to support filing the motion."[7]

14. Final case review in this case occurred on January 10, 2017; the State filed its' Motion to Sever on January 3, 2017 – approximately seven (7) days prior to the final case review. As a result, the State's motion is deemed untimely. Nevertheless, the Court feels compelled to address the merits of the State's motion because the State has raised significant issues with respect to the Confrontation Clause as

---

[3] *Id.*

[4] *Lampkins v. State*, 465 A.2d 785, 794 (Del. 1983) (citing *Jenkins*, 230 A.2d at 273)).

[5] *Carney v. State*, 931 A.2d 436, 2007 WL 2254543, at *2 (Del. Aug. 7, 2007) (TABLE) (citing *Barnett v. State*, 691 A.2d 614, 616 (Del. 1997)).

[6] *See id.*

[7] *Id.*

4

illustrated in *Bruton v. United States.*[8]

*The motion succeeds on its merits.*

15. In evaluating whether a motion for severance of co-defendants should be granted, the Court looks at four factors: "(1) problems involving a co-defendant's extra-judicial statements; (2) an absence of substantial independent competent evidence of the movant's guilt; (3) antagonistic defenses as between the codefendants and the movant; and (4) difficulty in segregating the State's evidence as between the [defendants]."[9]

16. Under the circumstances, it is apparent that the parties are only concerned with the first factor, especially concerning the application of *Bruton v. United States.* In *Bruton*, the United States Supreme Court held that an out-of-court statement of a non-testifying defendant that implicates his co-defendant cannot be admitted at a joint trial of the two defendants.[10] Reaffirming the rule announced in *Pointer v. State of Texas*, the *Bruton* court stated: "the right of cross-examination is included in the right of an accused in a criminal case to confront the witnesses against him secured by the Sixth Amendment."[11] If the confessing defendant does not testify at the joint trial of the two defendants, then the co-defendant is not afforded his right to confront the confessing defendant.[12] Delaware courts have routinely considered *Bruton* issues as

---

[8] *Bruton v. United States*, 391 U.S. 123 (1968).

[9] *Floudiotis v. State*, 726 A.2d 1196, 1210 (Del. 1999).

[10] *Bruton*, 391 U.S. 123 (1968).

[11] *Id.* at 126 (quoting *Pointer v. State of Texas*, 380 U.S. 400 (1965)).

[12] *Id.*

a factor in determining whether to sever the defendants' trials.[13]

17. The Court, having reviewed the recordings of Defendant Robert's confession, finds that – despite the untimeliness of the State's motion – it is necessary to sever the Defendants' trials in order ensure that each Defendant is afforded his right to confront the witnesses presented against him. The fact that trial may be delayed is not a compelling enough reason to deny the Defendants this fundamental Sixth Amendment right.

Therefore, the State's motion to sever the trials of the co-defendants, Daymien Robert, Terrance Stokes, and Avery Maxwell is hereby **GRANTED**.

IT IS SO ORDERED.

_____
Hon. William L. Witham, Jr.
Resident Judge

WLW/dmh
oc:   Prothonotary
cc:   Stephen E. Smith, Esquire
       Thomas D. Donovan, Esquire
       Andre M. Beauregard, Esquire
       Kevin P. Tray, Esquire

---

[13] *Floudiotis*, 726 A.2d at 1210 (holding that the presence of a *Bruton* issue is a factor favoring severance).

6