# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
        Plaintiff, )
    v. )   C.A. No. 2311006153
)
)
GERALD AIKEN )
)
        Defendant. )

Submitted: March 17, 2025
Decided: April 4, 2025

## MEMORANDUM OPINION AND ORDER

*Upon Defendant's Motion to Dismiss;*

**DENIED**.

Zachary R. Greer, Esq.*, Department of Justice, Attorney for Plaintiff.*

Gerald Aiken*, Pro Se.*

**WINSTON, J.**

## I. INTRODUCTION

Before the Court is Aiken's Motion to Dismiss ("Motion") seeking dismissal of all charges against him. Because Aiken's Motion is both untimely and without merit, for the following reasons, his Motion is **DENIED**.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Gerald Aiken ("Aiken")[1] was arrested on March 6, 2024, on the following charges: Disregarding a Police Officer's Signal; Driving a Vehicle While License is Suspended or Revoked; Driving Without Proof of Insurance; Driving Without a Registration Card; Aftermarket Window Tint Without Certificate; Disregarding a Stop Sign; Turning a Vehicle Without a Proper Signal; Unreasonable Speed; and Aggressive Driving.[2] Aiken's arraignment was first scheduled on June 7, 2024, at which time he failed to appear.[3] Accordingly, the Court issued a capias.[4] Aiken returned his capias on September 10, 2024.[5] Aiken was arraigned and waived his right to an attorney on October 4, 2024.[6]

---

[1] In his Motion, the Defendant refers to himself as "Gerald Aikens;" however, his Superior Court records reflect that his surname is "Aiken." There is no dispute that Gerald Aikens and Gerald Aiken are one in the same. Hereinafter, he will be referred to by "Aiken," the last name provided in the record.

[2] D.I. 30; *see also* D.I. 33 ¶ 1.

[3] D.I. 33 ¶ 2.

[4] *Id*.

[5] D.I. 33 ¶ 3.

[6] *See* D.I. 7; *see also* D.I. 9 ("Waiver of Counsel Form").

2

The Scheduling Order in this case was first issued on October 7, 2024, which established the following deadlines: (1) First Case Review: November 18, 2024, and (2) Final Case Review: December 23, 2024.[7] In that Scheduling Order, the Court ordered all pretrial motions, except for motions to suppress, to be filed "twenty (20) days before the final case review" on December 23, 2024.[8]

At Aiken's final case review, a plea offer was extended by the State.[9] A colloquy was then performed, and it was determined that Aiken knowingly and voluntarily rejected this offer.[10] Aiken was originally scheduled for trial on January 6, 2024.[11] The State requested and was granted a continuance, and trial was then set for February 10, 2025.[12] On that date, due to court scheduling issues, Aiken's case was not selected for trial.[13] Trial is currently scheduled for April 7, 2025.[14]

On February 24, 2025, Aiken filed the instant Motion to Dismiss.[15] In it, Aiken argues that his criminal history and motor vehicle violation history as

---

[7] D.I. 33 ¶ 4.

[8] *Id*.; *see also* D.I. 22.

[9] D.I. 33 ¶ 5.

[10] *Id*.

[11] *Id*.

[12] D.I. 33 ¶ 6.

[13] D.I. 33 ¶ 7.

[14] *Id*.

[15] D.I. 29.

3

provided through discovery: (1) "is occasionally incomplete or inaccurate;" (2) is not admissible under Delaware Rule of Evidence ("D.R.E.") 609(b); (3) is not admissible under D.R.E 609(c); and (4) is not admissible under D.R.E. 609(d). Aiken next argues that the officer's beliefs are "based on opinions," which "[are] not admissible to attack or support the witness' credibility" under D.R.E. 610. Aiken further argues this matter must be dismissed because: (1) extrinsic evidence is not admissible under D.R.E. 608; (2) there was no certification of the record in violation of "Court Rule title 21 Section 2803"; and (3) "no information was obtain[ed] from [the] traffic light signal violation monitoring system." The State responded in opposition on March 17, 2025.[16] The State alleges that none of the grounds cited in Aiken's Motion provide adequate notice of the basis for dismissal and, thus, should be ignored. This is the Court's Opinion and Order.

## III.  STANDARD OF REVIEW

Pursuant to Superior Court Criminal Rule 12(c), the Court is vested with authority to set the time for pretrial motions, either at the time of arraignment or "as soon thereafter as practicable...."[17] Accordingly, pursuant to this Court's criminal case management plan, pretrial motions in this matter must be filed twenty days

---

[16] D.I. 33.

[17] *State v. Ayers*, 2014 WL 606562 at *2 (Del. Super. Jan. 17, 2014) (citing Del. Super. Ct. Crim. R. 12(c)).

before the final case review.[18]  Pretrial motions include defenses and objections based on defects in the institution of the prosecution, defects in the indictment or information, motions to suppress evidence, motions to compel discovery, and motions for severance of charges or defendants.[19]

## IV.  ANALYSIS

Aiken alleges multiple grounds upon which he requests dismissal; however, his Motion was filed over two months after the December 23, 2024, deadline.[20]  At no time did Aiken move to extend the time for the filing of pretrial motions.  Despite being labeled as a "Motion to Dismiss," Aiken's Motion only raises "defense[s], objection[s], or request[s] which [are] capable of determination without the trial of the general issue" and, thus, constitutes a pretrial motion.[21]  Aiken's Motion is, therefore, untimely.

The Superior Court has broad discretion to enforce its pretrial orders and need not consider untimely pretrial motions absent exceptional circumstances.[22]  The defendant bears the burden to prove that exceptional circumstances prevented the

---

[18] D.I. 22.

[19] Del. Super. Ct. Crim. R. 12(b).

[20] D.I. 29.

[21] *Id*.

[22] *Davis v. State*, 38 A.3d 278, 280 (Del. 2012) (citing *Barnett v. State*, 691 A.2d 614, 616 (Del.1997), *abrogated on other grounds by Lecates v. State*, 987 A.2d 413, 420 (Del. Oct. 15, 2009)).

filing of a timely motion.[23]  Aiken has failed to satisfy that burden.  Aiken has not shown that the motion was based on evidence not available as of the deadline, or that extraordinary circumstances precluded the filing of a timely motion.[24]  However, even considering the Motion on its merits, Aiken fails to present any legitimate grounds for dismissal.

First, Aiken's arguments that dismissal must be granted pursuant to D.R.E. 608, 609, and 610 misinterpret D.R.E.'s relevance to a motion to dismiss.  The Delaware Rules of Evidence primarily govern the admissibility of evidence in court proceedings and do not provide grounds for dismissing a criminal case.  As to Aiken's concerns regarding admissibility of certain evidence, such concerns are not issues that could result in dismissal of the charges; rather, they are more properly dealt with at trial.  To the extent Aiken's arguments are meant to challenge the officer's credibility, such concerns go to the weight of the evidence and not its admissibility.[25]

Aiken's argument that his criminal history and motor vehicle violation history, as provided in discovery, is "occasionally incomplete or inaccurate" is likewise without merit.  Aiken provides no explanation as to how this information is

---

[23] *Id*. at 281 (citing *Barnett v. State*, 691 A.2d at 616).

[24] *See* D.I. 29.

[25] *See Demby v. State*, 695 A.2d 1127, 1132.

incomplete or inaccurate. Nor does Aiken offer any explanation as to how, even if this information is incomplete or inaccurate, such a mistake would warrant dismissal.[26] This, too, is premature, as it is unknown if the State will even attempt to introduce this evidence at trial. Accordingly, alleged inaccuracies in Aiken's criminal history and motor vehicle violation history are not grounds for dismissal.

Next, Aiken's argument for dismissal due to there being no "certification of the record in violation of Court Rule title 21 Section 2803" similarly lacks merit. Pursuant to 21 *Del. C.* § 2803, the Director of the Division of Motor Vehicles must certify the conviction record as maintained by the Division of Motor Vehicles of any person who is a habitual criminal under 21 *Del. C.* § 2802.[27] Defendant provides no explanation how either § 2802 or § 2803 apply to this matter. Accordingly, any alleged failure to certify the record is not grounds for dismissal. At most, this statute may play a role in any eventual sentencing, should Aiken be convicted; but this is premature and not ripe for a decision.

Finally, Aiken's argument that this case must be dismissed because "no information was obtain[ed] from [the] traffic light signal violation monitoring

---

[26] *See Demby v. State*, 695 A.2d at 1132 ("factual discrepancies, and the inferences to be drawn from them, go to the weight to be accorded the evidence rather than to its admissibility").

[27] *State v. Anderson*, 2010 WL 4513029 at *4 (Del. Super. Nov. 1, 2010) (citing 21 *Del. C.* § 2803).

7

system" is also without merit. Aiken provides no legal authority for this assertion and provides no explanation for why this fact—if it is one—would warrant dismissal. Accordingly, any alleged lack of information from a violation monitoring system is not grounds for dismissal.

## V. CONCLUSION

Aiken fails to offer any legal explanation to justify the untimely filing of this Motion. Further, Aiken's Motion fails to establish any grounds that would warrant dismissal of the criminal charges. Aiken's Motion to Dismiss is therefore **DENIED**.


**IT IS SO ORDERED.**


*/s/ Patricia A. Winston*
**Patricia A. Winston, Judge**