Cameron **DAVIS**, Defendant Below, Appellant,

v.

**STATE** of Delaware, Plaintiff Below, Appellee.

No. 516, 2011.

Supreme Court of Delaware.

Submitted: Feb. 22, 2012.

Decided: Feb. 24, 2012.

Corrected: March 13, 2012.

Bernard J. O'Donnell, Esquire, Office of the Public Defender, Wilmington, Delaware, for appellant.

James T. Wakley, Esquire, Department of Justice, Wilmington, Delaware, for appellee.

Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

HOLLAND, Justice:

The defendant-appellant, Cameron Davis ("Davis") appeals from the Superior Court's denial of his untimely motion to suppress. Davis raises one claim on appeal. Davis contends that the Superior Court abused its discretion by not permitting him to move to suppress, out of time, his incriminating statement to a police officer on grounds that he was arrested without probable cause and that his incriminating statement was involuntary. We have concluded that claim is without merit.

### Facts

In July 2010, a series of three armed robberies took place in the Bear, Delaware area. The police identified Robert Williams of 709 Sandburg Place as a person of interest. At approximately midnight on July 23, 2010, police arrived at 709 Sandburg Place, secured the apartment, and did not permit anyone, including Davis, to leave or enter the residence until a warrant was obtained. Police obtained a warrant the next day and executed it at approximately 11:05 a.m. Davis was then transported to police headquarters and interviewed from approximately 3:00 p.m. until 5:00 p.m. Davis ultimately admitted to participating in the three robberies. The videotape of Davis' confession was shown to the jury at trial.

Davis later testified that he confessed to participation in the three robberies because he wanted the questioning to cease. He testified, "I felt as though, once again, it would have went on forever. The questioning would have never stopped until he would have got what he wanted."

Davis was indicted on Robbery in the First Degree and related offenses. The Superior Court issued a scheduling order on November 15, 2010, months after Davis had been appointed counsel. The scheduling order set the deadline for any motions

to suppress as twenty days after the First Case Review on November 22, 2010. The twenty day period exceeded the ten day period set forth in the Superior Court New Castle County Criminal Case Management Plan ("Criminal Case Management Plan").

Davis did not file his motion to suppress until February 25, 2011, two business days before the matter was scheduled for trial. Defense counsel sought to explain the untimely filing as follows:

> [T]his motion is extremely late and counsel accepts responsibility for the delay. By way of explanation, the first case review occurred in the Thanksgiving and Christmas holiday season and counsel was involved in several cases during that period which appeared to be headed for trial and required counsel's attention.... In addition counsel was away from his office for vacation. In the month of January 2011 counsel was again in trial on January 11, 19, 25 and was standby counsel on February 18, 2011. All of said trials were multiple day trials. In addition to counsel's trial matters, counsel's father in law died on February 1, 2011 and counsel was again distracted from his normal case processing duties.

The Superior Court denied the motion, finding that Davis's counsel had not offered sufficient excuse to justify the untimely filing and that the motion did not show a likelihood of success. The Superior Court stated:

> [Davis] has failed to present excuse justifying the motion's having been filed so long after deadline and so close to trial. This was filed *after* final case review.

Motion fails to show likelihood of success. The only claim is defendant's statement came 15 hours after arrest. (This does not appear to be a 2 hr/ § 1902 detention.) The motion itself, belies notion that the delay was intended to prejudice [the defendant]. And defendant has not alleged anything beyond delay's length.

If the State concedes that motion has merit and it agrees to withdraw/not use the statement, so be it. Otherwise, the State's sympathy for the sentence [the defendant] may receive due to the prosecution is not a reason justifying the confusion and delay the motion will occasion.

... We cannot do business this way. You must take the process more seriously. And, Mr. [defense attorney], you have been warned about the court's declining willingness to ignore its requirements in the name of "justice." It has come to this. Now, you must justify last-minute motion [practice.]

Following a jury trial, Davis was found guilty on multiple counts of Robbery in the First Degree, Conspiracy, and various possession offenses. He was sentenced to thirty-four years of imprisonment at Level V, suspended after eighteen years for decreasing levels of supervision.

### Standard of Review

▬ We review the Superior Court's denial of an untimely motion to suppress for abuse of discretion.[1] The Superior Court has broad discretion to enforce its pre-trial orders.[2] Absent exceptional circumstances, the Superior Court need not consider untimely motions to suppress.[3]

---

1. *Pennewell v. State*, 2003 WL 2008197, at *1 (Del. Apr. 29, 2003) (citation omitted).

2. *Barnett v. State*, 691 A.2d 614, 616 (Del. 1997), *abrogated on other grounds by Lecates*

*v. State*, 987 A.2d 413, 420 (Del. Oct. 15, 2009).

3. *Pennewell v. State*, 2003 WL 2008197, at *1 (citing *Barnett v. State*, 691 A.2d at 616).

### Motion Properly Denied

■ As in *Pennewell v. State,* here defense counsel did not file a motion to suppress until months after the deadline and on the eve of trial.[4] In *Pennewell,* this Court found that "exceptional circumstances" did not exist where "there was ample opportunity on the part of competent counsel to file suppression motions...."[5] Similarly, in *Miller v. State,* this Court upheld the Superior Court's determination that a last minute substitution of counsel did not give rise to exceptional circumstances.[6] There, we again noted the Superior Court's "broad discretion to enforce its rules of procedure and pretrial orders."[7]

■ The defendant bears the burden to prove that exceptional circumstances prevented the filing of a timely motion to suppress.[8] Here, Davis has failed to satisfy that burden. Defense counsel represented Davis throughout the proceedings, and had ample opportunity to file a motion to suppress. Counsel was also given twenty days from the initial case review—rather than the ordinary ten days under the Criminal Case Management Plan[9]—to file the motion. Davis has not shown that the motion was based on evidence not available as of the deadline for motions to suppress, or that extraordinary circumstances in November or December 2011 precluded the filing of a timely motion.

Accordingly, the Superior Court did not abuse its broad discretion in denying the motion to suppress as untimely. Davis is not precluded from seeking relief pursuant to a Rule 61 motion for post-conviction relief.[10]

### Conclusion

The judgments of the Superior Court are affirmed.

---

4. *Id.*

5. *Id.* at *2. *See also Carney v. State,* 2007 WL 2254543, at *2 (Del. Aug. 7, 2007) (holding change of counsel was not an "exceptional circumstance" where motion to suppress was filed three months after due date and information necessary for motion had been available to original counsel when motion due).

6. *Miller v. State,* 2010 WL 3328004, at *2 (Del. Aug. 24, 2010).

7. *Id.* (citing *Barnett v. State,* 691 A.2d at 616).

8. *Barnett v. State,* 691 A.2d at 616.

9. Superior Court New Castle County Criminal Case Management Plan, at 5 (2000), *available at* http://courts.delaware.gov/Superior/pdf/ccmp.pdf ("All pretrial motions under Rules 12, 14, 16, and 41 of the Superior Court Criminal Rules must be filed within ten days following the ICR unless otherwise ordered by the Court.").

10. *See Barnett v. State,* 691 A.2d at 616–17.