SUPERIOR COURT
OF THE

RICHARD R. COOCH
RESIDENT JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0664

Mark A. Denney, Jr., Esquire
Deputy Attorney General
Department of Justice
820 North French Street
Wilmington, Delaware 19801
Attorney for State of Delaware

Caroline G. Cinquanto, Esquire
The Law Office of Caroline Goldner Cinquanto
1518 Walnut Street, Suite 807
Philadelphia, Pennsylvania 19102
Attorney for Defendant

**Re: <u>State of Delaware v. Kiayre Braxton</u>**
**ID#'s 1802005743 / 1802004304A / 1802005994**

Submitted: September 10, 2018
Decided: October 11, 2018

On Defendant's Motion to File Motion to Suppress Out of Time. **DENIED.**

Dear Counsel:

I have reviewed Defendant's Motion to File Motion to Suppress Out of Time, Defendant's untimely Motion to Suppress, and the State's Response to the Motion to File Motion to Suppress Out of Time. The Court DENIES Defendant's Motion to File Motion to Suppress Out of Time.

The Superior Court is vested with broad discretion to enforce its rules of procedure and pre-trial orders.[1] Pursuant to that broad power, it is well recognized

---

[1] *See* Super. Ct. Crim. R. 12(b)(3), 17.1; *Gebhart v. Ernest DiSabatino & Sons, Inc.* 264 A.2d 157 (Del. 1990).

that the Court may refuse to hear the merits of an untimely motion to suppress.[2] Absent a showing by defendant that "exceptional circumstances prevented the filing of a timely motion[,]" the Court will deny any such motion or request to file late.[3] Even a change in a defendant's representation is no excuse for an untimely motion because "prior counsel could have filed [a] motion if [that attorney] had believed there was a basis to do so."[4] Defendant ultimately bears the burden to prove exceptional circumstances.[5]

In Defendant's case, a Uniform Scheduling Order established how matters would proceed in this sweeping Racketeering prosecution by the State. In that Order, the Court set the deadline for "any MOTIONS" as May 4, 2018. Defendant's prior counsel filed the Motion to File Motion to Suppress Out of Time on September 10, 2018, over four months beyond the deadline. Prior Counsel acknowledged he sought to file the motion to suppress "out of time."[6] Caroline Cinquantro, Esq. was admitted *pro hac vice* on October 10, 2018 as new counsel for Defendant.

Defendant supports the motion to file out of time partially by stating that the State provided the defense with certain discoverable information pursuant to Del. Super. Ct. R. Crim. Pro. 16(a)(1)(A) "only after" final case review. The State contends this evidence, being transcripts of conversations between defendant and a confidential informant, does not equate to newly discovered materials which would prompt a challenge to the challenged search warrant. In Defendant's motion to suppress, it is clear the facts supporting suppression are drawn from "the search warrant and affidavit in support of the search."[7] The post-final case review discovery does not appear to have served as a basis for Defendant's untimely motion.

Defendant's prior counsel acknowledged that he did not discover or recognize any grounds for a motion to suppress until after a review of his files in preparation for the final case review held on Sept. 4, 2018, 4 months after the motion deadline. Counsel does not explain why he failed to discover any grounds for a motion to suppress until now. Although no fault on the part of Defendant's current counsel, there was "ample opportunity on the part of competent [prior] counsel" to file a

---

[2] *See Barnett v. State*, 691 A.2d 614, 616–17 (Del. 1997), *abrogated on other grounds by Lecates v. State*, 987 A.2d 413, 420 (Del. 2009); *Miller v. State*, 3. A.3d 1098 (Table), 2010 WL, 3328004, at *2 (Del. 2010); *Davis v. State*, 38 A.3d 278, 281 (Del. 2012).

[3] *Davis*, 38 A.3d at 281 (citing *Barnett*, 691 A.2d at 616); *see also Pennewell v. State*, 822 A.2d 391 (Table), 2003 WL 2008197, at *1–2 (Del. 2003); *Miller*, 2010 WL 3328004, at *2.

[4] *Miller*, 2010 WL 3328004, at *2.

[5] *Davis*, 38 A.3d at 281 (citing *Barnett*, 691 A.2d at 616).

[6] Def.'s Mot. to File Mot. to Suppress Out of Time, at 1.

[7] Def.'s Mot. to Suppress, at 2 n.1.

timely suppression motion.[8]

Defendant has failed to show that exceptional circumstances prevented the filing of a timely motion to suppress which would warrant consideration of the untimely motion. Therefore, Defendant's Motion to File Motion to Suppress Out of Time is **DENIED**.

Very truly yours,

*[signature]*

RRC

cc: Prothonotary
      Stephanie J. Volturo, Esquire
        Office of Defense Services

---

[8] *Davis*, 38 A.3d at 281 (citing *Pennewell*, 2003 WL 2008197, at *2).