IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHAUNCEY PINKSTON, | § | |
| | § | No. 184, 2018 |
| Defendant-Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID. No. N1509012970 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted: November 14, 2018
Decided: December 12, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 12th day of December, 2018, having considered the briefs and the record below, it appears to the Court that:

(1) On February 20, 2018, a Superior Court jury convicted Chauncey Pinkston of possession of a firearm by a person prohibited and possession of ammunition by a person prohibited. A Superior Court judge sentenced him to five years in prison followed by probation. On appeal Pinkston argues the Superior Court erred by (1) denying his Motion to File a Motion to Suppress Out of Time, (2) failing to give a jury instruction on the voluntariness of his statements, and (3) failing to give a limiting instruction after his testimony about using drugs. Because the

Superior Court did not abuse its discretion in denying the motion, a voluntariness jury instruction was not required, and Pinkston did not request a limiting instruction at trial, we affirm his convictions.

(2)    The convictions arose from an incident on September 17, 2015, when Wilmington Police executed a search warrant at 119 North Franklin Street based on allegations that Pinkston possessed a firearm.[1]  Police arrested him outside the house, informed him of his *Miranda* rights and questioned him about any weapons in the house.   Pinkston directed them to a loaded shotgun under the mattress in the bedroom.   About an hour later, police recorded an interrogation at headquarters where Pinkston waived his *Miranda* rights.   He again made statements about his knowledge of the weapon, although he claimed he had just recently found it outside.

(3)    The case was substantially delayed due to Pinkston's failure to appear for trial in 2016.  After his apprehension by police, Pinkston claimed for the first time on February 13, 2018 during a colloquy with the court that "his confession was obtained in violation of his constitutional rights, in that he was 'high on drugs' at the time of his statement [and] 'did not know what he said.'"[2]  On February 19, 2018— one day before his trial—Pinkston filed a Motion to File Motion to Suppress Out of Time, claiming his confession should be suppressed as involuntary.   The court

---

[1] Pinkston often spent time at the house, but it was unclear if it was his primary residence.

[2] App. to Opening Br. at A11.

2

concluded "the only basis for the Motion is the self-serving statement made by the defendant at the time of his colloquy with the Court."[3] The court also noted Pinkston's counsel had access to the recorded interview much earlier and could have timely filed a motion if warranted. Thus, the court denied the motion.

(4) At trial, Pinkston testified that because of his supposed intoxication, he could not recall directing the police to his bedroom or most of his recorded interview. The interviewing officers testified that Pinkston did not appear intoxicated during either interaction with police. Pinkston stipulated that he was a person prohibited from owning, possessing, or controlling a deadly weapon, firearm, or ammunition. After a one-day jury trial, a Superior Court jury convicted Pinkston of possession of a firearm and possession of ammunition by a person prohibited. The Superior Court sentenced him to twelve years at Level V, suspended after five years, followed by probation. Pinkston appealed.

(5) First, Pinkston argues that the Superior Court improperly denied his Motion to File Motion to Suppress Out of Time. We review this denial for an abuse of discretion.[4] Pinkston filed his motion the day before trial was scheduled, despite ample time to do so well before trial. Although Pinkston argued that counsel was unaware of the suppression argument until Pinkston's statements during a February

---

[3] Answering Br., Ex. B (Letter Denying Motion to File).
[4] *Davis v. State*, 38 A.3d 278, 280 (Del. 2012) ("The Superior Court has broad discretion to enforce its pre-trial orders. Absent exceptional circumstances, the Superior Court need not consider untimely motions to suppress.").

13, 2018 plea colloquy, Pinkston's counsel had access to the recorded interview for years without raising intoxication rising to the level of involuntariness. Further, counsel waited a week after the February 13 hearing to file the motion.[5] Under these circumstances, Pinkston has failed to demonstrate "exceptional circumstances" to file an untimely motion. The Superior Court did not abuse its discretion by denying the motion.

(6) Pinkston also couches the same issue as a due process claim, but failed to raise the issue below or object to the introduction of his statements on this basis at trial. Thus, we review only for plain error. "Under the plain error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[6] "The doctrine of plain error is limited to material defects which are apparent on the face of the record; which are basic, serious, and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[7] While we have occasionally addressed novel issues for the first time on appeal, we will not do so under these circumstances where Pinkston was given ample

---

[5] Pinkston partially explains this week delay because Pinkston had signaled he may have wanted to represent himself *pro se*. But, there had not been a hearing on this issue and counsel felt qualified to file the motion prior to the hearing discussing *pro se* defense.

[6] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

[7] *Id.*

4

opportunity to object to the admission of his statement but failed to do so.[8]  The Superior Court's failure on its own initiative to make a determination of voluntariness was not plain error.

(7)    Pinkston next contends that the Superior Court erred by failing to instruct the jury on the voluntariness of his statement to the police.  We review the denial of a requested jury instruction *de novo*.[9]  Under Delaware law, the trial judge and not the jury decides the admissibility of a statement to police.[10]  The defendant can then attack the credibility of the statement through argument to the jury.  Because the court and not the jury decides the voluntariness of a statement, the Superior Court was not required to instruct the jury on voluntariness.[11]

---

[8] *Shawe v. Elting*, 157 A.3d 152, 168-69 (Del. 2017).  Pinkston did not mention due process below, request a ruling on voluntariness at trial, raise the issue prior to the admission of the statements, or object to their admission.

[9] *Wright v. State*, 953 A.2d 144, 149 (Del. 2008).  The State argues that Pinkston failed to preserve the issue below, but our review of the trial court record shows that Pinkston requested the instruction.  *See* App. to Opening Br. at A168 (Tr. of Trial) (when discussing an instruction on voluntariness, Pinkston's counsel requests that one be included).

[10] *Norcross v. State*, 816 A.2d 757, 765 (Del. 2003) (noting that the jury's role is to determine the weight and credibility of a confession, not its admissibility); *Harris v. State*, 622 A.2d 1095, 1993 WL 61667, at *2 (Del. Feb. 3, 1993) (TABLE) (holding that "only the trial judge determines the admissibility of the defendant's statement") (citing *Flamer v. State*, 490 A.2d 104, 115 (Del. 1983)); *Ward v. State*, 602 A.2d 1082 (Del. 1991) ("the jury has no part in the admissibility process").

[11] Pinkston cites *Jackson v. Denno*, 378 U.S. 368 (1964), for the proposition that a voluntariness instruction is constitutionally required.  But *Jackson* "raise[d] no question" concerning the procedure now followed by Delaware where "the judge hears the confession evidence, himself resolves the evidentiary conflicts and gives his own answer."  *Id.* at 380 n.8.  *See also Lego v. Twomey*, 404 U.S. 477, 490 (1972) (endorsing same procedure).

(8)     Finally, Pinkston argues for the first time on appeal that the trial judge failed to, *sua sponte*, provide a limiting instruction on Pinkston's own testimony that he used illegal drugs.  Once again, we review issues raised for the first time on appeal for plain error.[12]  The trial court's failure to, *sua sponte*, provide a limiting instruction is generally not plain error.[13]  Further, the evidence was introduced by the defendant.  Pinkston also was also not prejudiced by the lack of a limiting instruction.  The State never improperly relied on Pinkston's use of illegal drugs to suggest propensity.  Instead, the State argued that Pinkston's testimony was unreliable and self-serving.  Thus, Pinkston cannot show plain error.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

[12] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).
[13] *Williams v. State*, 796 A.2d 1281, 1290 (Del. 2002) (holding that a lack of limiting instruction in the case of a prior bad act—analogous to the contemporary bad act here—is not plain error). *See also* D.R.E. 105 (limiting instructions are given "on timely request").