**Arthur PRESTON, Defendant below, Appellant,**

v.

**STATE of Delaware, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted April 9, 1975.

Decided May 12, 1975.

Arlen B. Mekler, Asst. Public Defender, Wilmington, for defendant below, appellant.

Edward C. Pankowski, Jr., Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

HERRMANN, Chief Justice:

Defendant appeals from his conviction for the sale of heroin in violation of 16 Del.C. § 4752. He seeks reversal of his conviction on two grounds: (1) that failure to compel the State to disclose the identity of an informer was reversible error; and (2) that the Trial Court erred in refusing to grant his motion to dismiss based on prejudicial pre-arrest delay which deprived him of his constitutional rights to a speedy trial and a fair trial.

## I.

■ At trial, the undercover police officer who purchased the heroin from the defendant, and on whose complaint the arrest warrant was issued, testified that the day before the sale a confidential informer introduced the defendant as "Footz"; that after the sale the informer, who was not present at the sale, told him that Footz's real name was Arthur L. Preston. The defendant contends that the Trial Court committed error in permitting the State to withhold the identity of the informer because he was a "key element" in the defendant's case and his identity was already known. We find this argument unacceptable.

■ The Trial Court was justified in refusing to compel identification of the informer. Although the defendant may have correctly surmised the identity of the informer, that possibility alone is not sufficient to overcome the public policy of protecting an informer's identity in order to encourage the flow of information to law enforcement officers.

There is no established rule regarding disclosure of an informer's identity. The determinative question in each case is whether "disclosure of an informer's identity * * * is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause * * *", Roviaro v. United States, 353 U.S. 53, 60, 77 S.Ct. 623, 628, 1 L.Ed.2d 639 (1957), or "would materially aid his defense", Riley v. State, Del.Supr., 249 A.2d 863, 866 (1969).

The role of the informer in the instant case was minimal. There is no evidence of any direct participation by the informer in the sale nor was he a witness to it. No entrapment issue is raised. The informer, in effect, accused Arthur L. Preston of nothing more than being known as "Footz". By whatever name he was known, the defendant was identified at trial by the police officer who purchased the heroin from him.

Under those circumstances, the informer was not a "key element" in the defendant's case. Mere speculation that this informer might have been of some aid to the defendant's case was not sufficient to justify public disclosure or public confirmation of the defendant's suspicions. We find no error on this ground.

## II.

The defendant contends that he has been denied his Sixth Amendment right to a speedy trial.* In addition, his argument raises a due process question under the Fifth Amendment: did the pre-arrest delay substantially prejudice defendant's right to a fair trial?

The heroin sale on which the indictment was based occurred on February 9, 1972. A warrant for defendant's arrest was issued on March 14, 1972 pursuant to a complaint filed that day by the police in a Justice of the Peace Court. The police made two unsuccessful attempts to execute the warrant in April 1972. An effort in June 1972 to locate the defendant through his previous employer was also unsuccessful. The police then sent a copy of the arrest warrant to the National Crime Information Center (NCIC) soliciting the aid of the law enforcement agencies in that system in apprehending the defendant. It appears that after forwarding the warrant to NCIC all active police attempts to arrest the de-

fendant ceased in June 1972. The warrant was not served on defendant until September 11, 1973, some 18 months after it was issued, while he was appearing in Superior Court in an unrelated matter. He was indicted the day after his arrest; trial was held on November 13, 1973.

At trial, defendant moved to dismiss the indictment claiming violation of his Sixth Amendment right to a speedy trial and substantial prejudice to his right to a fair trial. The claims of the defendant were founded upon prejudicial pre-arrest delay of 19 months between the offense and the arrest, including a lapse of approximately 18 months between issuance of the arrest warrant and its execution. The Trial Court, in denying the motion, found only that "the rather lengthy delay" between the date of the offense (February 9, 1972) and the date of arrest (September 11, 1973) was not "directly caused by the police or by the State."

First, as to the Sixth Amendment claim: In order to calculate a constitutionally proscribed delay under the Sixth Amendment, we must look back to the event which set the pendulum of the speedy trial clock in motion. The threshold question as to this ground of the appeal is this: when did the right to a speedy trial attach?

The defendant argues that his right to a speedy trial attached at the time of the alleged offense; alternatively, that it attached with the filing of the complaint and the issuance of the arrest warrant. The State contends that the Sixth Amendment right to a speedy trial is not applicable in this case, since under United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L. Ed.2d 468 (1971) " * * * it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment" (404 U.S. at 320, 92 S.Ct. at 463).

---

* The Sixth Amendment provides that "[I]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial."

In *Marion,* the United States Supreme Court considered whether the defendants were denied their Sixth Amendment right to a speedy trial by reason of a period of approximately three years between the occurrence of the alleged criminal acts and the filing of the indictment. The Court there held that the speedy trial guarantee does not attach at the time of an alleged offense. Accordingly, we hold that the speedy trial guarantee of the Sixth Amendment did not commence to run as of the date of the defendant's alleged offense.

The defendant's alternate Sixth Amendment question remains: Is one an "accused" under the Sixth Amendment, and does the speedy trial guarantee commence to run, from the time a complaint is filed and an arrest warrant is issued?

That question was not before the United States Supreme Court in *Marion.* In that case, there was no complaint and arrest warrant prior to indictment, as occurred here; the defendants' claims of violation of their speedy trial Sixth Amendment rights were based solely "on potential prejudice and the passage of time between the alleged crime and the indictment". Nevertheless, the Court touched upon the question before us by the following strong suggestion:

"* * * it is readily understandable that it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment.

"Invocation of the speedy trial provision thus need not await indictment, information, or other formal charge. *But*

*we decline to extend the reach of the amendment to the period prior to arrest."* (Emphasis supplied) (404 U.S. at 320, 321, 92 S.Ct. at 463, 464).

Honoring that view, although dictum, are Coca v. District Court, Colo. Supr., 530 P. 2d 958 (1975); United States v. Singleton, 2 Cir., 460 F.2d 1148 (1972); United States v. Iannelli, 2 Cir., 461 F.2d 483 (1972); United States v. Dukow, 3 Cir., 453 F.2d 1328 (1972); United States v. Dyson, 5 Cir., 469 F.2d 735 (1972); United States v. DeTienne, 7 Cir., 468 F.2d 151 (1972); United States v. White, 7 Cir., 470 F.2d 170 (1972); United States v. Lord, 9 Cir., 475 F.2d 763 (1973); Commonwealth v. Gove, Mass.Supr.Jud.Ct., 320 N.E.2d 900 (1974).

Although a forceful argument may be made that one is "accused", within the meaning of the Sixth Amendment, upon the filing of a complaint by the police and the issuance of an arrest warrant, see Jones v. Superior Court, 3 Cal.3d 734, 91 Cal.Rptr. 578, 478 P.2d 10 (1970), we follow the *Marion* lead and "decline to extend the reach of the [Sixth] amendment to the period prior to arrest." We hold, therefore, that the speedy trial guarantee of the Sixth Amendment does not attach at the time of the filing of a complaint and the issuance of an arrest warrant. It follows that the defendant in the instant case was not denied the protection of that Sixth Amendment provision by reason of the pre-arrest delay of which he complains.

This conclusion as to the inapplicability of the Sixth Amendment reduces the scope of our judicial inquiry to a consideration of the defendant's claim that the pre-arrest delay substantially prejudiced his right to a fair trial.[1]

---

1. The defendant's contentions as to actual prejudice arising from the pre-arrest delay are as follows:

"During that long delay, the defendant's ability to develop an effective defense was greatly diminished if not totally destroyed. Not until seventeen months later did the defendant even learn that he had been accused

of a crime which allegedly took place back in February of 1972. At that point, even the defendant's ability, to say nothing of any potential witnesses' ability, to recall the events and circumstances of that particular day some seventeen months prior was greatly decreased. At the trial, the defendant was unable to produce any witness who could testify as to his

### III.

The correct approach to claims of actual prejudice arising from post-complaint pre-arrest delay was recently demonstrated, we think, by the Supreme Court of Colorado in Coca v. District Court, *supra*. In *Coca,* the Court dealt with the situation in which there was a delay of approximately six months between the issuance of an arrest warrant on a complaint and the defendant's arrest. Justice Erickson pointed out that, under such circumstances, we must not confuse "the right to a speedy trial with the [defendant's] right to have a criminal case promptly processed by the filing of charges", citing *Marion* and continuing:

> "Due process and fundamental fairness are the considerations for determining whether or not there has been prejudice to the defendant of a type and kind that would require dismissal. No fixed rules exist, and each case must be resolved on the particular facts which are before the court. Certain key factors, among others, are whether defense witnesses have become unavailable by reason of the delay; whether the delay was purposeful and intended to prejudice the defendant; the kind of evidence and the quantum which is available to prove the prosecution's case; * * *. Compare Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)."

In accord with *Coca* is the Comment to Rule 722(d) ·of the Uniform Rules of Criminal Procedure (1974):

> "It is true, of course, that unnecessary delay in the filing of an information can be just as detrimental to a defendant as

post-information delay. Indeed, it can be more detrimental because the defendant is not prompted to preserve his defense. That problem, which is *not* a problem of speedy trial, is not dealt with in this Rule. It nonetheless remains open to a defendant to raise the objection that an extended pre-information delay violates due process, as recognized in United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971)."

In this connection it is to be noted that the defendants in *Marion* based their claim of violation of Sixth Amendment speedy trial rights upon potential rather than actual prejudice. By further dictum, the *Marion* Court stated:

> "Since appellees rely on potential prejudice and the passage of time between the alleged crime and the indictment * * * we perhaps need go no further to dispose of this case * * *. Nevertheless, * * * since appellees may claim actual prejudice to their defense, it is appropriate to note here that the statute of limitations does not fully define the appellees' rights with respect to the events occurring prior to indictment. Thus, the Government concedes that the Due Process Clause of the Fifth Amendment would require dismissal of the indictment if it were shown at trial that the pre-indictment delay in this case caused substantial prejudice to appellees' rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused. * * *. However, we need not, and could not now, determine when and in what circumstances actual prejudice resulting from pre-accusation delays requires the

whereabouts on February 9, 1972, and even the defendant was unable to testify with any clarity as to where he was on that particular day. A delay that lasted seventeen months greatly impaired the Defendant's ability to recall and secure evidence of the activities at the time in question. It was virtually impossible for the defendant, since he did not keep a detailed diary, to recall seventeen months later what he was doing on a particular day.

Since he was not arrested until September of 1973, the defendant had no warning that he was being accused of a crime and thus had no reason in the meantime to even try to remember what he was doing on February 9, 1972. For these reasons the defendant's case was greatly prejudiced by the seventeen month delay between the time of the alleged crime and the date of his arrest."

dismissal of the prosecution. Actual prejudice to the defense of a criminal case may result from the shortest and most necessary delay; and no one suggests that every delay-caused detriment to a defendant's case should abort a criminal prosecution. To accommodate the sound administration of justice to the rights of the defendant to a fair trial will necessarily involve a delicate judgment based on the circumstances of each case. It would be unwise at this juncture to attempt to forecast our decision in such cases." (404 U.S. at 324, 325, 92 S.Ct. at 465, 466)

Under *Marion,* as we understand it, in order to prevail upon the contention that a pre-arrest delay violated due process, a defendant must prove actual and substantial prejudice to his right to a fair trial because of the delay, *or* that the State intentionally delayed to gain some tactical advantage.[2] In this connection, however, as *Marion* points out:

" * * * the real possibility of prejudice inherent in any extended delay: that memories will dim, witnesses become inaccessible, and evidence be lost * * * are not in themselves enough to demonstrate that [defendants] cannot receive a fair trial and to therefore justify the dismissal of the indictment." (404 U. S. at 326, 92 S.Ct. at 466)

Following *Marion,* we hold that the defendant in the instant case is entitled to an evidentiary hearing and the exercise of a "delicate judgment" as to whether the delay complained of resulted in such actual and substantial prejudice to the defendant that he was deprived of a fair trial and that, therefore, dismissal is necessary in the interest of due process.[3]

In such hearing, in which the defendant has the burden of proof, he is entitled to consideration of factors such as (1) the length of the delay; (2) the reason for the delay; (3) the prejudicial effect of the delay [compare Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)]; (4) whether defense witnesses have become unavailable by reason of delay; (5) whether the delay was purposeful and intended to prejudice the defendant; and (6) the kind of evidence and the quantum which is available to prove the State's case. See Coca v. District Court, Colo. Supr., 530 P.2d 958 (1975).

The record in the instant case does not indicate that any such consideration was given to the defendant's claim of prejudicial pre-arrest delay. We have only the finding of the Trial Judge that "the rather lengthy delay" between the date of the offense and the date of the arrest was "not directly caused by the police or by the State."

Accordingly, the case is remanded for an evidentiary hearing under the above guidelines, and a determination of whether the pre-arrest delay subjected the defendant to such substantial prejudice that he was denied his right to a fair trial in violation of his due process rights under the Fifth Amendment.

Jurisdiction is reserved.

2. We note that the language of *Marion* has been read in the conjunctive as requiring a defendant to show both substantial prejudice *and* intentional delay by the State to gain a tactical advantage. See 404 U.S. at 325, 92 S.Ct. at 466. The Courts are not in agreement as to the correct reading of *Marion* language on this point. Compare United States v. Beitscher, 10 Cir., 467 F.2d 269 (1972) and United States v. Erickson, 9 Cir., 472 F.2d 505 (1973). See also United States v. Benson, 3 Cir., 487 F.2d 978 (1973) and United States v. Whiteside, D.Del., 391 F. Supp. 1385 (1975). As indicated above, we think the correct interpretation is in the alternative.

3. We assume that, hereafter, consideration of any such due process claim will be part of the trial. To avoid abuse, the Trial Court is entitled, of course, to call for an offer of proof to establish justification for an evidentiary hearing on the issue.