# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
                                   )
          Plaintiff,       )
      v.                       )    C.A. No. 2310008020
                                   )
                                   )
GERALD AIKEN             )
                                   )
          Defendant.    )

Submitted: March 13, 2025
Decided: April 10, 2025

## <u>MEMORANDUM OPINION AND ORDER</u>

*Upon Defendant's Motion to Dismiss;*

**DENIED**.

Zachary R. Greer, Esq.*;* and Joseph Grubb, Esq.*, Department of Justice, Attorneys for Plaintiff.*

Gerald Aiken*, Self-Represented Litigant, Defendant.*

**WINSTON, J.**

## I.  INTRODUCTION

Before the Court is Aiken's Motion to Dismiss ("Motion") seeking dismissal of all charges against him.  For the following reasons, Aiken's Motion is **DENIED**.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Gerald Aiken ("Aiken")[1] was arrested on October 19, 2023, on the following charges: Disregarding a Police Officer's Signal; Resisting Arrest; Driving a Vehicle While License is Suspended or Revoked; Disregarding a Red Light; Speeding; and Careless Driving.[2]  Aiken's preliminary hearing was scheduled in the Court of Common Pleas for November 7, 2023; however, Aiken failed to appear, and the case was transferred to the Superior Court.[3]

Aiken then failed to appear at his January 26, 2024, arraignment in the Superior Court.[4]  At that time, the Court issued a capias.[5]  The capias was returned on March 6, 2024, and the Court scheduled the First Case Review for April 15,

---

[1] In his Motion, the Defendant refers to himself as "Gerald Aikens;" however, his Superior Court records reflect that his surname is "Aiken."  There is no dispute that Gerald Aikens and Gerald Aiken are one in the same.  Hereinafter, he will be referred to by "Aiken," the last name provided in the record.

[2] Docket Item ("D.I.") 46 ¶ 1; *see also* D.I. 4.

[3] D.I. 46 ¶ 2.

[4] D.I. 46 ¶ 3; *see also* D.I. 6-8; D.I. 9.

[5] D.I. 46 ¶ 3; *see also* D.I. 9.

2024.[6] Aiken again failed to appear at the First Case Review.[7] The Court issued a capias, which Aiken returned on September 10, 2024.[8]

The Scheduling Order in this case was first issued on September 11, 2024, which established the following deadlines: (1) First Case Review: September 23, 2024, and (2) Final Case Review: December 2, 2024.[9] In that Scheduling Order, the Court ordered all discovery motions and motions to suppress, to be filed "within twenty days after the first case review."[10]

At his final case review on December 2, 2024, Aiken rejected a plea offer.[11] Aiken was originally scheduled for trial on December 16, 2024.[12] On that date, due to court scheduling issues, Aiken's case was not selected for trial, and trial was then set for January 6, 2025.[13] The State requested and was granted a continuance, and trial was continued to February 24, 2025.[14] After the new Scheduling Order was issued, Aiken requested a continuance of the February 24, 2025, trial date, which the

---

[6] D.I. 46 ¶ 4.

[7] D.I. 46 ¶ 5.

[8] *Id.* ¶¶ 5-6.

[9] *Id.* ¶ 7.

[10] D.I. 34.

[11] D.I. 46 ¶ 8; *see also* D.I. 40.

[12] D.I. 46 ¶ 8.

[13] D.I. 46 ¶ 9.

[14] *Id.*

State did not oppose.[15]  The Court approved the request, and trial is currently scheduled for April 14, 2025.[16]

On February 21, 2025, Aiken filed the instant Motion to Dismiss.[17]  In it, Aiken moves to dismiss all charges against him for violation of his right to speedy trial under the Sixth Amendment to the United States Constitution; violation of his right to due process under the Fifth Amendment; and violation of his right against unreasonable searches and seizures under the Fourth Amendment.  Aiken also provides the following grounds for dismissal: (1) "lack of evidence and/or proof of violation;" and (2) "[n]o certified copy of certificate of title."

The State responded in opposition on March 13, 2025.  Regarding the alleged violation of Aiken's right to a speedy trial, the State alleges the delay is primarily attributable to Aiken himself.[18]  As to the alleged violation of Aiken's right against unreasonable searches and seizures, the State alleges Aiken's Motion is untimely and does not "state the grounds" with "sufficient specificity" to give the State reasonable notice of the issues as required under Superior Court Criminal Procedure Rule 41(f).[19]  Finally, the State asserts that Aiken's other grounds for dismissal

---

[15] D.I. 46 ¶ 11.

[16] D.I. 46 ¶ 12.

[17] D.I. 39.

[18] D.I. 46 ¶ 20.

[19] D.I. 46 ¶¶ 15, 21.

4

provide no support or argument and, thus, are without merit.[20] This is the Court's Opinion and Order.

## III. STANDARD OF REVIEW

### A. THE RIGHT TO A SPEEDY AND PUBLIC TRIAL

The Sixth Amendment to the Constitution of the United States provides: "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial…."[21] The Constitution of the State of Delaware provides a nearly identical right.[22] A defendant's speedy trial rights attach upon the date of his arrest or indictment, whichever occurs first.[23] To determine whether a defendant has been deprived of his right to a speedy trial, four factors must be considered: (1) the length of delay; (2) the reason for delay; (3) the defendant's assertion of their right; and (4) the prejudice to the defendant.[24] No individual factor is conclusive.[25] Instead, the four factors are related "and must be considered together with such other

---

[20] D.I. 46 ¶ 24.

[21] U.S. CONST. amend. VI.

[22] DEL. CONST. art. I, § 7 ("In all criminal prosecutions, the accused hath a right ... to have ... a speedy and public trial....").

[23] *Brodie v. State*, 2009 WL 188855, at *3 (Del. Jan. 26, 2009) (quoting *Middlebrook v. State*, 802 A.2d 268, 273 (Del. 2002)).

[24] *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

[25] *Middlebrook v. State*, 802 A.2d 268, 273 (Del. 2002) (citing *Barker*, 407 U.S. at 533).

circumstances as may be relevant."[26]  Thus, in weighing the factors, courts must engage in a "difficult and sensitive balancing process,"[27] weighing "the conduct of both the prosecution and the defendant."[28]  The Court will examine each factor in turn.

## B.    THE RIGHT TO PROCEDURAL DUE PROCESS

The Due Process Clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, provides that "[n]o person shall ... be deprived of life, liberty, or property, without due process of law."[29]  The due process clause "requires dismissal of an indictment, even if it is brought within the applicable statute of limitations, where the defendant can show that 'the State intentionally delayed his arrest to gain a tactical advantage or that the delay worked an actual and substantial prejudice to his right to a fair trial.'"[30]

## C.    THE RIGHT AGAINST UNREASONABLE SEARCHES AND SEIZURES

The Fourth Amendment to the United States Constitution provides: "The right of the people to be secure in their persons, houses, papers, and effects, against

---

[26] *Id.*

[27] *Barker*, 407 U.S. at 533.

[28] *Middlebrook v. State*, 802 A.2d 268, 273 (Del. 2002) (citing *Barker*, 407 U.S. at 530).

[29] *Burroughs v. State*, 304 A.3d 530, 546 (Del. 2023) (internal citations omitted).

[30] *State v. Dietz*, 1998 WL 109835 at *2 (Del. Super. Mar. 4, 1988) (quoting *Watts v. State,* 1990 WL 38279 at *2 (Del. Feb. 27, 1990)).

6

unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."[31]  The United States Supreme Court has observed that "the ultimate touchstone of the Fourth Amendment is 'reasonableness[.]'"[32]  Under the exclusionary rule, evidence obtained by searches and seizures that violate these guarantees is inadmissible.[33] However, importantly, "a defendant is not immune from prosecution under an outstanding indictment if he is searched in violation of his Fourth Amendment rights… Illegally obtained evidence may be excluded from the trial, but the prosecution is not barred altogether."[34]

Importantly, the Superior Court has broad discretion to enforce its pretrial orders.[35]  Pursuant to this Court's criminal case management plan, motions to

---

[31] *State v. Freeman*, 2023 WL 2854771 at *1 (Del. Super. Apr. 9, 2023).

[32] *Id*.

[33] *Diggs v. State*, 257 A.3d 993, 1003 (Del. 2021).

[34] *U.S. v. Blue,* 384 U.S. 251, 255 (1966) ("Our numerous precedents ordering the exclusion of such illegally obtained evidence assume implicitly that the remedy does not extend to barring the prosecution altogether. So drastic a step might advance marginally some of the ends served by exclusionary rules, but it would also increase to an intolerable degree interference with the public interest in having the guilty brought to book.")

[35] *Davis v. State*, 38 A.3d 278, 280 (Del. 2012) (citing *Barnett v. State*, 691 A.2d 614, 616 (Del.1997), *abrogated on other grounds by Lecates v. State*, 987 A.2d 413, 420 (Del. Oct. 15, 2009)).

suppress in this matter must be filed within twenty days after the first case review.[36] Absent exceptional circumstances, this Court need not consider untimely motions to suppress.[37]

## IV.   ANALYSIS

Each ground Aiken cites in the instant Motion does not provide sufficient legal or factual argument as to why this basis supports dismissal.   However, even considering the Motion on its merits, Aiken fails to present any legitimate grounds for dismissal.

### A.   AIKEN'S RIGHT TO A SPEEDY TRIAL HAS NOT BEEN VIOLATED.

Aiken, in part, asserts that this matter should be dismissed because of his "Sixth Amendment right to a speedy trial."  The Court's first consideration will be the length of the delay.  The Delaware Supreme Court has previously held "if the delay between arrest or indictment and trial approaches [or surpasses] one year, then the Court will generally consider the additional factors."[38]  Here, Aiken was arrested on October 19, 2023.  The State conceded that, at the time of the State filed its response, 512 days had passed since the Defendant's arrest.  Due to the almost two-

---

[36] D.I. 33.

[37] *Id*.

[38] *Cooper v. State*, 2011 WL 6039613, at *7 (Del. 2011).

year delay in this matter, this factor weighs in favor of Aiken, and this Court will consider the remaining *Barker* factors.

Accordingly, the Court will next consider the reason behind the delay. The Delaware Supreme Court has stated that "different weights are assigned to different reasons for the delay."[39] "A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government." More neutral reasons should be weighted less heavily, but still considered since the ultimate responsibility for such circumstances must rest with the government.[40] A valid reason, such as the disappearance or illness of an important witness, or an event over which the prosecution has no control supports an appropriate rescheduling of the proceedings.[41]

In the present case, the first three delays were attributable to Aiken's failure to appear when required.[42] In fact, 208 days of the delay were solely attributable to Defendant himself.[43] Accordingly, Aiken cannot assert that the State was the reason for the delay, and this factor weighs heavily in favor of the State.

---

[39] *Middlebrook v. State*, 802 A.2d 268, 274 (Del. 2022); *See also*, *Barker v. Wingo*, 407 U.S. 514, 531 (1972).

[40] *See Barker*, 407 U.S. at 531.

[41] *Key v. State*, 463 A.2d 633, 636 (Del. 1983).

[42] D.I. 46 ¶ 20; *see also* D.I. 8, D.I. 9.

[43] D.I. 46 ¶ 20.

The Court will next consider whether Aiken asserted his right to a speedy trial throughout these proceedings. The Delaware Supreme Court has explained that "the defendant's assertion of his speedy trial right … is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right."[44] "If and when a defendant asserts his rights are factors of considerable significance in determining whether there has been a speedy trial violation."[45]

Here, Aiken did not assert his right to a speedy trial until he filed this Motion on February 21, 2025.[46] Outside of filing this Motion, Aiken did not assert his right to a speedy trial by objecting to the State's continuance request. Moreover, when the Court granted the State's request and moved the date of trial to February 24, 2025, Aiken himself requested a continuance for additional time to prepare his case. Accordingly, because Aiken requested a continuance, and because the State also requested a continuance, this factor is neutral.

The fourth factor is prejudice to the defendant. "This factor should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect."[47] The Delaware Supreme Court identified those interests as:

---

[44] *Id.*

[45] *Middlebrook v. State*, 802 A.2d at 275 (citing *Bailey v. State*, 521 A.2d 1075 (Del. 1987).

[46] D.I. 39.

[47] *Barker*, 407 U.S. at 532.

(i) preventing oppressive pretrial incarceration, (ii) minimizing anxiety and concern of the accused, and (iii) limiting the possibility that the defense will be impaired.[48] The most serious of these interests being the last, "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system."[49] Aiken has presented no facts to suggest that the delayed trial date has impaired his defense or increased his anxiety and concern. Further, Aiken is not incarcerated and, accordingly, cannot be prejudiced by "oppressive pretrial incarceration." Therefore, this last factor weighs in favor of the State.

Weighing all of the above factors, the Court concludes Aiken's right to a speedy trial has not been violated, and dismissal on these grounds is not warranted.

### B.    AIKEN'S PROCEDURAL DUE PROCESS RIGHTS HAVE NOT BEEN VIOLATED.

In *Preston v. State*,[50] the Supreme Court of Delaware adopted the reasoning of Supreme Court of the United States in *United States v. Marion*,[51] and found that while the Sixth Amendment right to a speedy trial does not attach until the time of the arrest, indictment, or filing of information, a criminal defendant is nonetheless entitled to consideration of whether "[a] pre-arrest delay substantially prejudiced his

---

[48] *Id.*

[49] *Id.*

[50] 338 A.2d 562 (Del. 1975).

[51] 404 U.S. 307 (1971).

right to a fair trial."[52] To prevail upon his contention that the prearrest delay violated Aiken's right to due process, Aiken must demonstrate: (1) actual and substantial prejudice to his right to fair trial because of delay; or (2) that State intentionally delayed to gain some tactical advantage.[53] Aiken fails to do so.

Both the Supreme Court of Delaware and the Supreme Court of the United States have indicated that while there is a "real possibility of prejudice inherent in any extended delay," that possibility is not in and of itself enough to demonstrate that a defendant "cannot receive a fair trial."[54] Aiken was arrested on October 19, 2023, based on conduct alleged to have occurred on or about October 17, 2023. The record here does not indicate any sign of prosecutorial maneuvering; further, the Court finds that any pre-arrest delay—if there is one—has not prejudiced Aiken. Accordingly, the Court finds Aiken's procedural due process rights have not been violated, and dismissal of the charges against Aiken is not warranted.

---

[52] *Preston*, 338 A.2d at 565.

[53] *Id.* at 567.

[54] *Preston*, 338 A.2d at 567; *Marion*, 404 U.S. at 326.

**C.** **BECAUSE AIKEN PRESENTS NO EXCEPTIONAL CIRCUMSTANCES WHICH PREVENTED THE TIMELY FILING OF A MOTION TO SUPPRESS, THE COURT NEED NOT CONSIDER AIKEN'S ALLEGATIONS THAT HIS FOURTH AMENDMENT RIGHT AGAINST UNREASONABLE SEARCHES AND SEIZURES WAS VIOLATED.**

Despite being labeled as a "Motion to Dismiss," Aiken's Motion requests relief for an alleged violation of his Fourth Amendment rights and, thus, constitutes a motion to suppress illegally obtained evidence. Aiken's Motion was filed over two months after Defendant's final case review, and is, therefore, untimely.

The Superior Court has broad discretion to enforce its pretrial orders and need not consider untimely motions to suppress absent exceptional circumstances.[55] The defendant bears the burden to prove that exceptional circumstances prevented the filing of a timely motion.[56] Here, Aiken has failed to satisfy that burden. Aiken has not shown that the instant Motion was based on evidence not available as of the deadline for motions to suppress, or that extraordinary circumstances in December 2024 precluded the filing of a timely motion to suppress.[57] Accordingly, the Court will not consider Aiken's allegations that his Fourth Amendment right against unreasonable searches and seizures was violated.

---

[55] *Davis v. State*, 38 A.3d 278, 280 (Del. 2012) (citing *Barnett v. State*, 691 A.2d 614, 616 (Del.1997), *abrogated on other grounds by Lecates v. State*, 987 A.2d 413, 420 (Del. Oct. 15, 2009)).

[56] *Id*. at 281 (citing *Barnett v. State*, 691 A.2d at 616).

[57] *See* D.I. 29.

**D. AIKEN'S OTHER GROUNDS FOR DISMISSAL ARE WITHOUT MERIT.**

Aiken's argument that this case must be dismissed due to "lack of evidence and/or proof of violation" is without merit. Proof of whether Aiken committed the alleged crimes is a question for the fact-finder at trial and does not constitute grounds to dismiss a case.

Finally, Aiken's argument for dismissal due to there being "[n]o certified copy of certificate of title" similarly lacks merit. Aiken provides no legal authority for this assertion and provides no explanation for why this fact—if it is one—would warrant dismissal. Accordingly, any alleged lack of information from a violation monitoring system is not grounds for dismissal. Accordingly, Aiken's argument that there is "[n]o certified copy of certificate of title" is not grounds for dismissal.

**V. CONCLUSION**

After carefully analyzing and balancing the relevant factors, the Court finds Aiken's right to a speedy trial has not been violated. Aiken, through his multiple failures to appear, has largely contributed to any delay he now faces. Aiken's right to procedural due process has also not been violated. Further, the Court will not consider Aiken's arguments regarding a violation of his Fourth Amendment rights because such a claim is untimely under this Court's Scheduling Order for motions to suppress, and Aiken presents no exceptional circumstances to warrant

14

consideration of an untimely motion to suppress.  Finally, Aiken's other grounds for dismissal are meritless.

For these reasons, Aiken's Motion to Dismiss is **DENIED**.


    **IT IS SO ORDERED.**


    */s/ Patricia A. Winston*
    **Patricia A. Winston, Judge**